Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
Tom E. Wheeler (SBN 308789)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@ toddflaw.com
abacon@ toddflaw.com
mgeorge@toddflaw.com
twheeler@toddflaw.com
***Attorneys for Plaintiff***

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERMAINE STEWART, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>    vs.<br><br>NETWORK CAPITAL FUNDING CORPORATION; and DOES 1 through 10, inclusive, and each of them,<br><br>Defendant. | Case No. 2:21-cv-00368-MWF-MAA<br><br>**CLASS ACTION**<br><br>**SECOND AMENDED COMPLAINT FOR VIOLATIONS OF:**<br><br>  1.  NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)]<br>  2.  WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)]<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff JERMAINE STEWART ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1.      Plaintiff brings this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of NETWORK CAPITAL FUNDING CORPORATION, ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, *47 U.S.C. § 227 et seq.* ("TCPA") and related regulations, thereby invading Plaintiff's privacy.

2.      The TCPA was designed to prevent calls and messages like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3.      In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

---

SECOND AMENDED CLASS ACTION COMPLAINT

Id. at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at\* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4.     Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." Id. at §§ 12-13. See also, *Mims*, 132 S. Ct. at 744.

5.     In a recent decision, the Supreme Court interpreted the term "automatic telephone dialing system" and held that "[t]o qualify as an 'automatic telephone dialing system,' a device must have the capacity either to store a telephone number using a random or sequential generator ***or*** to produce a telephone number using a random or sequential number generator." *Facebook, Inc. v. Duguid*, 141 S.Ct. 1163 (2021) (emphasis added).

6.     In *Duguid*, the Supreme Court provided an example of such systems, stating: "For instance, an autodialer might use a random number generator to determine the order in which to pick phone numbers from a preproduced list. It would then store those numbers to be dialed at a later time." *Id.* at 1171-72 fn. 7.

7.     Further, both *Duguid* and the legislative history of the TCPA are clear that the original focus on prerecorded voice technology prohibition was the fact that such communications involved agentless calls, not on the question of whether a literal voice was used during those agentless calls. *See* Hearing Before the Subcommittee on Communications of the Committee on Commerce, Science and Transportation, United States Senate One Hundred Second Congress First Session July 24, 1992, Testimony of Robert Bulmash and Steve Hamm at pg 11; 7 FCC Rcd. 8752 (F.C.C. September 17, 1992).

8.     Predictive dialers have long been considered automatic telephone dialing systems by the FCC. In fact, the FCC's first ruling on the TCPA in 1992 recognized the importance of restrictions on equipment such as predictive dialers.

Referring in part to "predictive dialers" the FCC then opined that "both live [solicitation calls, such as with a predictive dialer] and artificial or prerecorded voice telephone solicitations should be subject to significant restrictions." 7 FCC Rcd. 8752, 8756 (F.C.C. September 17, 1992).

9.     Since 2003, the FCC has definitively held that predictive dialers qualify as an ATDS under the TCPA. *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Report and Order, 18 FCC Rcd. 14014, 14115 ¶¶ 131-134 (2003).

10.     Similar to other autodialers, predictive dialers also call from a stored list of phone numbers, but utilize algorithms to "predict" when an agent will receive a live answer.

11.     Rather than an agent manually dialing numbers, predictive dialers are generally used by loading a list of numbers into the dialer which then dials the numbers and forwards the calls to agents. An agent then signals readiness by logging into the phone system, at which point they will be joined to a campaign and be put in a queue to be forwarded a call once it connects with a consumer.

12.     The FCC describes predictive dialers as follows:

> A predictive dialer is an automated dialing system that uses a complex set of algorithms to automatically dial consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a telemarketer will be available to take the call. Such software programs are set up in order to minimize the amount of downtime for a telemarketer. In some instances, a consumer answers the phone only to hear "dead air" because no telemarketer is free to take the call
>
> …
>
> a predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be

available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers

…

Predictive dialers initiate phone calls while telemarketers are talking to other consumers and frequently disconnect those calls when a telemarketer is unavailable to take the next call…Predictive dialers reduce the amount of down time for sales agents, as consumers are more likely to be on the line when the telemarketer completes a call.

*Id.* at ¶¶ 8 fn 31, 131, and 146.

## JURISDICTION & VENUE

13.    Jurisdiction is proper under *28 U.S.C. § 1331* because Plaintiff's claims arise out of a law of the United States, the TCPA.

14.    Venue is proper in the United States District Court for the Central District of California pursuant to *28 U.S.C. § 1391(b)* and because Defendant does business within the State of California and Plaintiff resides within the County of Los Angeles.

## PARTIES

15.    Plaintiff, JERMAINE STEWART ("Plaintiff"), is a natural person residing in Los Angeles, California and is a "person" as defined by *47 U.S.C. § 153 (39)*.

16.    Defendant, NETWORK CAPITAL FUNDING CORPORATION, ("Defendant") is a mortgage lending company and is a "person" as defined by *47 U.S.C. § 153 (39)*.

17.    The above-named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants."  The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious

names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

18.    Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## **FACTUAL ALLEGATIONS**

19.    Beginning on or about November 18, 2020, Defendant contacted Plaintiff on Plaintiff's cellular telephone number (213) 924-0395, in an attempt to solicit Plaintiff to purchase Defendant's services.

20.    When Plaintiff answered Defendant's call, he heard a pause after saying "hello," after which Defendant's representative began speaking.

21.    The momentary delay prior to a live representative answering is a hallmark of predictive dialers.

22.    Based upon the pause before a live agent began speaking, Plaintiff alleges that Defendant used a predictive dialer, which is an "automatic telephone dialing system" as defined by *47 U.S.C. § 227(a)(1)*, to place its call to Plaintiff seeking to solicit its services.

23.    Defendant contacted or attempted to contact Plaintiff from telephone number (626) 866-7067, confirmed to be Defendant's number.

24.    Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

25.    Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls

pursuant to *47 U.S.C. § 227(b)(1)*.

26.    During all relevant times, Defendant did not possess Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*.

27.    Defendant placed multiple calls soliciting its business from telephone number (626) 866-7067 to Plaintiff on his cellular telephone number (213) 924-0395.

28.    Upon information and belief, Defendant placed the same or substantially similar unsolicited calls *en masse* to thousands of cellular telephone subscribers nationwide in an effort to market its services.

29.    Upon information and belief, Defendant placed such calls for the purposes of financial gain.

30.    Upon information and belief, Defendant constructed the content of the solicitation calls, including the script to be followed by Defendant's representatives during the calls.

31.    Upon information and belief, the dialing system used by Defendant to place the calls also has the capacity to, and does, dial telephone numbers stored as a list or in a database without human intervention.

32.    Through Defendant's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

33.    Plaintiff was personally affected by Defendant's aforementioned conduct because Plaintiff was frustrated and distressed that Defendant annoyed Plaintiff with marketing calls using an ATDS without his prior express written consent to receive such calls. This invaded Plaintiff's right to privacy.

34.    Defendant's telephonic communication forced Plaintiff and other similarly situated class members to live without the utility of their cellular phones

because they were occupied with Defendant's unsolicited calls, causing annoyance and lost time.

35.     The calls from Defendant, or its agent(s), violated 47 U.S.C. § 227(b)(1)(A)(iii).

36.     Plaintiff suffered a concrete and particularized injury in fact as a result of the unsolicited calls he received.  The calls invaded Plaintiff's privacy, causing annoyance, wasting his time, consuming use of his smartphone device without authorization, and otherwise invading his privacy and intruding into his personal affairs without permission.  The calls also constituted a form of the precise harm that Congress was attempting to prohibit with the TCPA, which was designed to remedy invasions of privacy and nuisances caused to Americans by automated telemarketing calls sent without consent. Plaintiff actually suffered this precise injury by receiving the unwanted calls, and having his privacy so invaded through a disturbance of his solitude, and unwanted intrusion of his technology and personal space.  Accordingly, Plaintiff has Article III standing to seek redress for these violations in Federal Court.

## CLASS ALLEGATIONS

37.     Plaintiff brings this action individually and on behalf of all others similarly situated, as a member the proposed class (hereafter, "The Class").

38.     The class concerning the ATDS claim for no prior express consent (hereafter "The ATDS Class") is defined as follows:

> All persons within the United States who received any solicitation/telemarketing telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint through the date of class certification.

39.    Plaintiff represents, and is a member of, The ATDS Class, consisting of all persons within the United States who received any solicitation/marketing telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously not provided their cellular telephone number to Defendant within the four years prior to the filing of this Complaint through the date of class certification.

40.    Defendant, its employees and agents are excluded from The Class. Plaintiff does not know the number of members in The Class, but believes the Class members number in the thousands, if not more.   Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

41.    The Class is so numerous that the individual joinder of all of its members is impractical.   While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Class includes thousands of members.   Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendant.

42.    Plaintiff and members of The ATDS Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and ATDS Class members via their cellular telephones thereby causing Plaintiff and ATDS Class members to incur certain charges or reduced telephone time for which Plaintiff and ATDS Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and ATDS Class members.

43.    Common questions of fact and law exist as to all members of The ATDS Class which predominate over any questions affecting only individual members of The ATDS Class.   These common legal and factual questions, which do not vary between ATDS Class members, and which may be determined without

reference to the individual circumstances of any ATDS Class members, include, but are not limited to, the following:

a.   Whether, within the four years prior to the filing of this Complaint through the date of class certification, Defendant made any telemarketing/solicitation call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a ATDS Class members using any automatic telephone dialing system or any artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

b.   Whether Plaintiff and the ATDS Class members were damaged thereby, and the extent of damages for such violation; and

c.   Whether Defendant should be enjoined from engaging in such conduct in the future.

44.   As a person that received numerous telemarketing/solicitation calls from Defendant using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of The ATDS Class.

45.   Plaintiff will fairly and adequately protect the interests of the members of The Class.  Plaintiff has retained attorneys experienced in the prosecution of class actions.

46.   A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable.  Even if every Class member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties

and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

47. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

48. Defendant has acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

### FIRST CAUSE OF ACTION
**Negligent Violations of the Telephone Consumer Protection Act**
**47 U.S.C. §227(b).**
**On Behalf of the ATDS Class**

49. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-48.

50. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(b)*, and in particular *47 U.S.C. § 227 (b)(1)(A)*.

51. As a result of Defendant's negligent violations of *47 U.S.C. § 227(b)*, Plaintiff and the Class Members are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

52. Plaintiff and the ATDS Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection**

**Act**

**47 U.S.C. §227(b)**

**On Behalf of the ATDS Class**

53.   Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-48.

54.   The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(b)*, and in particular *47 U.S.C. § 227 (b)(1)(A)*.

55.   As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227(b)*, Plaintiff  and the ATDS Class members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

56.   Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

## FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b)**

- As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1),* Plaintiff and the ATDS Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C.  227(b)(3)(B)*.

- Any and all other relief that the Court deems just and proper.

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection**

**Act**

**47 U.S.C. §227(b)**

- As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff and the ATDS Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*.

- Any and all other relief that the Court deems just and proper.

57.     Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.



Respectfully Submitted this 9th Day of August, 2021.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By:   /s/ Todd M. Friedman
          Todd M. Friedman
          Law Offices of Todd M. Friedman
          Attorney for Plaintiff

**PROOF OF SERVICE**
**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, State of California, and not a party to the above-entitled cause. My business address is the Law Offices of Todd M. Friedman, P.C., 21550 Oxnard St., Suite 780, Woodland Hills, CA 91367.

On **August 9, 2021**, I served the document(s) described as: **SECOND AMENDED COMPLAINT** on the interested parties in this action by sending a true copy thereof to interested parties as follows:

**SERVICE LIST ATTACHED**

[ ]   **BY MAIL (ENCLOSED IN A SEALED ENVELOPE):** I deposited the envelope(s)for mailing in the ordinary course of business at Long Beach, California. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. Under that practice, sealed envelopes are deposited with the U.S. Postal Service that same day in the ordinary course of business with postage thereon fully prepaid Long Beach, California.

[X]   **BY ELECTRONIC SERCICE:** I hereby certify that this document was served from Woodland Hills, California, by e-mail delivery on the parties listed herein at their most recent known email address or e-mail of record in this action.

[ ]   **BY PERSONAL SERVICE:** I delivered the document, enclosed in a sealed envelope, by hand to the offices of the addressee(s) named herein.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 9, 2021, in San Jacinto, California.

_____
Lauren Walker

## SERVICE LIST

Filed electronically on this 9th day of August, 2021, with:

**United States District Court CM/ECF system**

And hereby served upon all parties

> **Benjamin D Williams**
> Kabat Chapman and Ozmer LLP
> 171 17th Street
> Atlanta, GA 30363
> Email: bwilliams@kcozlaw.com
>
> **Paul A Grammatico**
> Kabat Chapman and Ozmer LLP
> 333 South Grand Avenue Suite 2225
> Los Angeles, CA 90071
> Email: pgrammatico@kcozlaw.com

Notification sent on this 9th day of August, 2021, via the ECF system to:

Honorable Philip S. Gutierrez
United States District Court
CENTRAL District of California

This 9th day of August 2021.
By: s/Todd M. Friedman
    Todd M. Friedman