Paul A. Grammatico (SBN 246380)
pgrammatico@kcozlaw.com
**KABAT CHAPMAN & OZMER LLP**
333 S. Grand Avenue, Suite 2225
Los Angeles, CA 90071
Telephone:  (213) 493-3980
Facsimile:  (404) 400-7333

Benjamin D. Williams (SBN 307073)
bwilliams@kcozlaw.com
**KABAT CHAPMAN & OZMER LLP**
171 17th Street NW, Suite 1550
Atlanta, Georgia 30363
Telephone:  (404) 400-7300
Facsimile:  (404) 400-7333

*Counsel for Network Capital Funding Corporation*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERMAINE STEWART, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>NETWORK CAPITAL FUNDING CORPORATION; and DOES 1 through 10, inclusive, and each of them,<br><br>        Defendants. | Case No: 2:21-cv-00368-MWF-MAA<br><br>**DEFENDANT NETWORK CAPITAL FUNDING CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:    September 27, 2021<br>Time:   10:00 a.m.<br>Ctrm:  5A<br>       350 West 1st Street<br>       Los Angeles, CA 90012<br><br>Hon. Michael W. Fitzgerald<br><br>SAC Filed: August 9, 2021<br>Trial Date:  No Trial Date Set |

**TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on September 27, 2021, at 10:00 a.m., in Courtroom 5A of the United States District Court for the Central District of California, located at 350 West 1st Street, Los Angeles, CA 90012, Defendant Network Capital Funding Corporation ("Network Capital") moves the Court for an Order dismissing Plaintiff Jermaine Stewart's Second Amended Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.  In his Second Amended Complaint, Stewart alleges, for the third time, that Network Capital violated the Telephone Consumer Protection Act ("TCPA") by using an automatic telephone dialing system ("ATDS") to place marketing calls to his cellular phone.  Network Capital moves to dismiss the entire Second Amended Complaint because, despite three opportunities to do so, and despite this Court's explicit instructions as to the required factual allegations, Stewart has not pleaded that the alleged calls were made with an ATDS.

This Motion is made following the conference of counsel under Local Rule 7-3, which took place on August 16, 2021, and August 19, 2021.

This Motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities in support of the same, the complete file and record in this action, and such further and other matters as the Court may allow.

KABAT CHAPMAN & OZMER LLP

DATED:  August 23, 2021

By:  /s/ Benjamin D. Williams
      Benjamin D. Williams
      *Attorney for Defendant Network Capital Funding Corporation*

DEF.'S MOT. TO DISMISS SAC, MEMO. OF P&A -- 2:21-cv-00368-MWF-MAA

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION ...........................................................................................1

II.     FACTUAL BACKGROUND: STEWART'S THREE ATTEMPTS TO
        PLEAD AN ATDS CLAIM. ......................................................................2

III.    LEGAL STANDARD UNDER RULE 12(B)(6) ...........................................3

IV.     ARGUMENT:  STEWART *STILL* FAILS TO PLEAD AN ATDS CLAIM,
        DESPITE HAVING THREE OPPORTUNITIES TO DO SO AND
        EXPRESS INSTRUCTIONS ON HOW ........................................................5

V.      CONCLUSION ..........................................................................................11

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*ACA Int'l v. FCC,*
   885 F.3d 687 (D.C. Cir. 2018)...............................................................8

*Armstrong v. Investor's Bus. Daily, Inc.,*
   2018 WL 6787049 (C.D. Cal. Dec. 21, 2018)......................................5

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) ...........................................................................4, 6

*Barnet v. Bank of America, N.A.,*
   2021 WL 2187950 (W.D.N.C. May 28, 2021)......................................7

*Barry v. Ally Fin., Inc.,*
   2021 WL 2936636 (E.D. Mich. July 13, 2021)..................................7, 8

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544 (2007) ...........................................................................4, 6

*Borden v. eFinancial, LLC,*
   2021 WL 3602479 (W.D. Wash. Aug. 13, 2021) ...............................9, 10

*Destfino v. Reiswig,*
   630 F.3d 952 (9th Cir. 2011) .............................................................5, 11

*Eclectic Props. E., LLC v. Marcus & Millichap Co.,*
   751 F.3d 990 (9th Cir. 2014) .............................................................4, 5

*Facebook v. Duguid,*
   141 S. Ct. 1163 (2021)...................................................................*passim*

*Gadelhak v. AT&T Services, Inc.,*
   950 F.3d 458 (7th Cir. 2020) ..................................................................6

*Glasser v. Hilton Grand Vacations Co., LLC,*
   948 F.3d 1301 (11th Cir. 2020) ..............................................................6

*Gold River LLC v. La Jolla Band of Luiseno Mission Indians,*
   2011 WL 6152291 (C.D. Cal. Dec. 9, 2011)......................................11

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Hufnus v. DoNotPay, Inc.*,
    2021 WL 2585488 (N.D. Cal. June 24, 2021) ......................................7, 8, 9, 10

*Los Angeles Lakers, Inc. v. Fed. Ins. Co.*,
    869 F.3d 795 (9th Cir. 2017) .................................................................. 5

*Marks v. Crunch San Diego, LLC*,
    904 F.3d 1041 (9th Cir. 2018) ............................................................... 6

*McEwen v. Nat'l Rifle Ass'n of Am.*,
    2021 WL 1414273 (D. Me. Apr. 14, 2021)............................................. 7

*Miller v. City of Los Angeles*,
    2014 WL 12610195 (C.D. Cal. Aug. 7, 2014) ...................................... 10

*Somers v. Apple, Inc.*,
    729 F.3d 953 (9th Cir. 2013) .................................................................. 4

*Sprewell v. Golden State Warriors*,
    266 F.3d 979 (9th Cir. 2001), .............................................................4, 6

*Timms v. USAA Fed. Sav. Bank*,
    2021 WL 2354931 (D.S.C. June 9, 2021) ............................................. 7

*Watts v. Emergency Twenty Four, Inc.*,
    2021 WL 2529613 (N.D. Ill. June 21, 2021) ..................................9, 10

*Whitaker v. Tesla Motors Inc.*,
    985 F.3d 1173 (9th Cir. 2021) ............................................................... 4

**Statutes**

47 U.S.C. § 227.................................................................................................. 5

**Other Authorities**

Fed. R. Civ. P. 8................................................................................................ 4

Fed. R. Civ. P. 12..................................................................................1, 2, 4, 11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.  INTRODUCTION

The Court should dismiss Plaintiff Jermaine Stewart's second amended complaint with prejudice under Rule 12(b)(6) for failure to state a claim.  Despite *three* opportunities to do so—and even with this Court's explicit direction as to the allegations required—Stewart has *still* failed to state a claim that Network Capital used an ATDS to call him.

In *Facebook v. Duguid*, the Supreme Court unanimously reversed the Ninth Circuit, clarifying that telephone equipment is an ATDS ***only if*** it has the capacity either to store a telephone number using a random or sequential generator or to produce a telephone number using a random or sequential number generator. Accordingly, and as this Court and others have held, to state an ATDS claim, Stewart must plead facts plausibly showing that Network Capital's dialing equipment employed or used a random or sequential number generator in placing the complained-of calls.  *See* Order at *4, ECF No. 29 ("NCFC asserts that the ATDS claims must be dismissed because the FAC merely recites legal conclusions, pleading no facts plausibly showing that NCFC's dialing equipment employed or used a random or sequential number generator in placing the complained-of calls. ***The Court agrees***.") (emphasis added).

In his first two complaints, Plaintiff attempted to rely on the bare legal conclusion that Network Capital's telephone system is an ATDS, resulting in dismissal and an admonishment by this Court that any further failure to allege  "facts plausibly showing that NCFC's dialing equipment employed or used a random or sequential number generator" would result in a dismissal with prejudice.  In the face of that, and because he could not allege the use of a random or sequential number generator in good faith, Stewart merely alleges that the system is a "predictive dialer." Stewart's allegations that Network Capital's system is a predictive dialer is insufficient to establish random or sequential number generation.  This is because random or sequential number generation involves ***generating*** numbers through a

random or sequential pattern and then dialing those numbers; predictive dialers by definition allow a user to call a predefined list of numbers contained within the system.  Accordingly, because predictive dialing does not generate numbers to be called and Stewart fails to allege Network Capital's system employed any random or sequential number generation, he fails to state an ATDS claim post-*Facebook*. Binding Supreme Court authority, this Court's prior dismissal order in this case, and several other recent cases all establish that allegations of predictive dialing from a stored list of numbers are insufficient to state an ATDS claim.

For these reasons, the Court should reject Stewart's *third* attempt to state an ATDS claim and dismiss his second amended complaint with prejudice under Federal Rule of Civil Procedure 12(b)(6).

## II.   FACTUAL BACKGROUND: STEWART'S THREE ATTEMPTS TO PLEAD AN ATDS CLAIM.

In his first iterations of this lawsuit, Stewart set forth no facts plausibly suggesting use of an ATDS, instead merely parroting the statute by alleging that Network Capital used an "automatic telephone dialing system" to make marketing calls to his -0395 number.  *See* Compl. ¶¶ 8–9, ECF No. 1; FAC ¶¶ 8–9, ECF No. 14. In moving to dismiss Stewart's First Amended Complaint ("FAC"), Network Capital argued that his ATDS claim must be dismissed because Stewart merely recited legal conclusions, pleading no facts plausibly showing that Network Capital's system employed or used a random or sequential number generator in placing the complained-of calls.  Mot. to Dismiss 16–20, ECF No. 16.  This Court agreed, finding that Stewart's failure to allege employment or use of a random or sequential number generator in making the calls precluded him from stating an ATDS claim.  Order at *4–5, ECF No. 29.  Nor did Stewart even allege indicia of ATDS use by, for example, showing the identical, repetitive, or impersonal nature of the calls.  *Id*.  Accordingly, the Court granted Network Capital's motion to dismiss, allowed Stewart leave to amend his ATDS claim one last time, but warned that any future successful motion

to dismiss would be granted without leave to amend.  *Id.*

Now before the Court is Stewart's Second Amended Complaint ("SAC"), which reasserts his ATDS claim against Network Capital.  *See generally* SAC, ECF No. 30.  Rather than continuing to rely on the legal conclusion that Network Capital used an ATDS to make the complained-of calls, Stewart now alleges that Network Capital's system is an ATDS because telephone numbers from potential customers are loaded into the system which then dials the pre-loaded numbers without human intervention and forwards the calls to Network Capital's representatives (*i.e.*, the system is a "predictive dialer").  *Id.* ¶ 11.  In support of this conclusion, Plaintiff relies on pre-*Facebook* congressional findings, district court decisions, and FCC rulings opining that predictive dialers *may* qualify as ATDSs.  *Id.* ¶¶ 8–12.

With respect to the specific calls to him, Plaintiff alleges that, on the November 18, 2020 call to his cell phone, he heard a pause before the agent began speaking, which he says is a "hallmark" of predictive dialers.  *Id.* ¶¶ 19–22.  He also alleges "upon information and belief" that Network Capital placed similar calls to thousands of other cellular telephone subscribers in an effort to market its services, the calls were made for the purpose of financial gain, Network Capital controlled the content of the calls, and that Network Capital's system "has the capacity to, and does, dial telephone numbers stored as a list or in a database without human intervention."  *Id.* ¶¶ 28–32.  Notably, Plaintiff ***does not*** allege that Network Capital's system employs a "random or sequential number generator," as required by *Facebook* and this Court's order, because he knows it does not and thus cannot so allege in good faith.  *See generally* SAC, ECF No. 30.  Nevertheless, Stewart seeks to represent a class of all persons "who received any solicitation/telemarketing telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice" dating back four years.  *Id.* ¶ 38.

## III.   LEGAL STANDARD UNDER RULE 12(B)(6)

Courts must dismiss a complaint under Rule 12(b)(6) that "fails to allege

3

sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter ... to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Rule 8 requires plaintiffs to allege enough facts to "raise a right to relief above a speculative level," and a mere "formulaic recitation of the elements of a cause of action will not do," though a plaintiff must of course allege all the elements. *Twombly*, 550 U.S. at 555; *accord Whitaker v. Tesla Motors Inc*., 985 F.3d 1173, 1176 (9th Cir. 2021). Courts should not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *as amended*, 275 F.3d 1187 (9th Cir. 2001). The Court should disregard allegations that are legal conclusions, even when disguised as facts. *See Iqbal*, 556 U.S. at 681 ("It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."); *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014). "Although 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof is improbable,' plaintiffs must include sufficient 'factual enhancement' to cross 'the line between possibility and plausibility.'" *Eclectic Props.*, 751 F.3d at 995 (quoting *Twombly*, 550 U.S. at 556–57) (internal citations omitted).

Where the facts pleaded in a complaint show that there are two alternative explanations, only one of which potentially would result in liability, "plaintiffs cannot offer allegations that are merely consistent with their favored explanation but are also consistent with the alternative explanation. Something more is needed, such as facts tending to exclude the possibility that the alternative explanation is true, in order to render plaintiffs' allegations plausible." *Eclectic Props.*, 751 F.3d at 997; *see also Armstrong v. Investor's Bus. Daily, Inc.*, No. CV 18-2134, 2018 WL 6787049, at *4 (C.D. Cal. Dec. 21, 2018) (dismissing putative class TCPA autodialed text-message

1   claim).  And "[i]t is well-established that a court may dismiss an entire complaint with
2   prejudice where plaintiffs have failed to plead properly after 'repeated opportunities.'"
3   *Destfino v. Reiswig*, 630 F.3d 952, 959 (9th Cir. 2011) (quoting *Neubronner v. Milken*,
4   6 F.3d 666, 672 (9th Cir. 1993)).

5   **IV.   ARGUMENT:  STEWART *STILL* FAILS TO PLEAD AN ATDS CLAIM,**
6   **DESPITE   HAVING   THREE   OPPORTUNITIES   TO   DO   SO**
7   **AND EXPRESS INSTRUCTIONS ON HOW.**

8   The Court should dismiss Plaintiff's ATDS claim with prejudice because, even
9   after three opportunities to do so, he fails to allege the key element of his claim—use
10  of an ATDS—much less factual allegations plausibly suggesting such use.  *See Los*
11  *Angeles Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 804 (9th Cir. 2017) (use of an
12  ATDS is a necessary element to successfully plead a TCPA claim pursuant to 47
13  U.S.C. § 227(b)).   Despite the Court's explicit instructions as to the required
14  allegations to plausibly suggest use of an ATDS (*i.e.*, the system's use or employment
15  of random or sequential number generation), Stewart simply alleges that Network
16  Capital's system qualifies as a predictive dialer, and, consequently, it is an ATDS.
17  *Compare* SAC ¶¶ 3–12, 31, ECF No. 30 (alleging predictive dialers qualify as ATDSs
18  and "upon information and belief" Network Capital's system is a predictive dialer
19  because it "has the capacity to, and does, dial telephone numbers stored as a list or in
20  a database without human intervention") *with* Order at *4–5, ECF No. 29 ("NCFC
21  asserts that the ATDS claims must be dismissed because the FAC merely recites legal
22  conclusions, pleading no facts plausibly showing that NCFC's dialing equipment
23  employed or used a random or sequential number generator in placing the
24  complained-of calls . . . . The Court agrees. The FAC includes no facts to plausibly
25  establish that NCFC used an ATDS.  Plaintiff did not allege indicia of ATDS use by,
26  for example, showing the identical, repetitive, or impersonal nature of the calls.").

27  As Network Capital has explained, however, the Supreme Court **unanimously**
28  **rejected** the Ninth's Circuit's previous interpretation of the TCPA's ATDS definition

5

in *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041 (9th Cir. 2018), which had previously held that dialing equipment that could store numbers and dial from a preset list (*i.e.*, predictive dialers) qualified as ATDSs.  In reversing *Marks*, the Supreme Court narrowed the TCPA's ATDS definition, holding that dialing equipment must have "the capacity either to store a telephone number ***using a random or sequential generator*** or to produce a telephone number ***using a random or sequential number generator***" to qualify as an ATDS.  *Facebook v. Duguid*, 141 S. Ct. 1163, 1170 (2021) (emphasis added).  In doing so, the Supreme Court sided with the Seventh and Eleventh Circuits, both of which held that predictive dialing systems that dial from stored lists of numbers did not qualify as ATDSs.  *Id.*; *see also Gadelhak v. AT&T Services, Inc.*, 950 F.3d 458, 460 (7th Cir. 2020) (holding that a system that "dials numbers stored in a customer database" does not qualify as an autodialer); *Glasser v. Hilton Grand Vacations Co., LLC*, 948 F.3d 1301, 1306 (11th Cir. 2020) (adopting a definition of autodialer that excludes equipment that "target[s] a list of debtors" or "target[s] individuals likely to be interested in buying vacation properties").  Because allegations regarding predictive dialing from a stored list is all Stewart's SAC offers on the ATDS claim, the Court must dismiss that claim with prejudice consistent with its previous instruction and *Facebook*'s binding mandate.  *See* Order at *4–5, ECF No. 29; *Facebook*, 141 S. Ct. at 1170; *Twombly*, 550 U.S. at 570; *Sprewell*, 266 F.3d at 988; *Iqbal*, 556 U.S. at 678.

This Court's holding that allegations of random or sequential number generation are essential to state an ATDS claim is consistent with virtually every district court to address this issue post-*Facebook*.  *See Barnet v. Bank of America, N.A.*, No. 3:20-cv-272, 2021 WL 2187950, at *3 (W.D.N.C. May 28, 2021) ("[T]his very testimony undermines Plaintiff's argument, as the numbers chosen for the calls are selected from a pre-existing list created based on criteria from the dialer administrators, rather than by random or sequential number generators."); *Timms v. USAA Fed. Sav. Bank*, No. 3:18-cv-01495, 2021 WL 2354931, at *1 (D.S.C. June 9,

2021) (predictive dialers cannot qualify as ATDSs under *Facebook* unless they ***actually generate*** numbers random or sequentially, something Plaintiff here doesn't allege) (emphasis added); *Hufnus v. DoNotPay, Inc.*, No. 20-cv-08701, 2021 WL 2585488, *1 (N.D. Cal. June 24, 2021) (holding that a system can only be an ATDS if the list of phone numbers was "***itself*** created through a random or sequential number generator," which Plaintiff here doesn't allege) (emphasis added); *McEwen v. Nat'l Rifle Ass'n of Am.*, No. 2:20-cv-00153, 2021 WL 1414273, at *7 (D. Me. Apr. 14, 2021) ("After the *Duguid* opinion, the ATDS portion of the claim requires an allegation that InfoCision used a random or sequential number generator to place a call to Plaintiff's cellphone, not merely a claim that its dialing system has that capability."); *Barry v. Ally Fin., Inc.*, No. 20-12378, 2021 WL 2936636, at *4 (E.D. Mich. July 13, 2021) ("Plaintiff does not dispute that Defendant's autodialer system did not use a random or sequential number generator in connection with its calls to her … Rather, these calls were targeted at specific individuals in connection with specific accounts held by Defendant. That ends this case.").[1]  Indeed, these decisions correctly parse the functional difference between random and sequential number generation—requiring both generation of the number to be called randomly or sequentially and then dialing those generated numbers—and predictive dialers, which merely allow a user to call from set list of telephone numbers already stored within the system.  *See ACA Int'l v. FCC*, 885 F.3d 687, 702 (D.C. Cir. 2018) (explaining that "numbers that are 'randomly or sequentially generated' differ from numbers that 'come from a calling list'").  In fact, this distinction—and the lack of allegations plausibly suggesting random or sequential number generation—was explicitly highlighted in *Barry* as a reason that compelled dismissal of plaintiff's ATDS claim. *See* 2021 WL 2936636, at *5 ("There is no allegation in the Complaint even hinting

---

[1] Plaintiff's reliance on pre-*Facebook* authority and FCC decisions obviously fails to account for the sea change *Facebook* has brought about.

that Defendant used its dialing system to make calls to Plaintiff, or to any putative class member, or to anyone else, using a random or sequential number generator, or even that the Defendant's dialing system had the capacity to do so (***such as allegations that Defendant's dialing system could be used to call persons at random, with no direct connection to Defendant's business***")).

The Northern District of California's decision in *Hufnus* is also instructive. There, the court noted that the plaintiff made specific factual allegations about the messaging platform at issue, including that it stored telephone numbers, used a random or sequential pattern to select numbers from that list, and used a random or sequential pattern to determine the sequence in which to send text messages to those preselected numbers. *See Hufnus*, 2021 WL 2585488, at *1. Despite those allegations, the Court held that because "the platform only contacts phone numbers specifically provided by consumers during DoNotPay's registration process, and not phone numbers identified in a random or sequential fashion . . . [t]he platform thus does not qualify as an autodialer under the TCPA." *Id*. The court specifically noted that "DoNotPay's platform is akin to the systems deemed to not qualify as autodialers by the Courts of Appeals with which the Supreme Court sided, because DoNotPay's system targets phone numbers that were obtained in a non-random way (specifically, from consumers who provided them)." *Id*. (citing *Gadelhak*, 950 F.3d at 460 and *Glasser*, 948 F.3d at 1306). Thus, the court dismissed plaintiff's claim without leave to amend. *Id*. at *2. In doing so, the court specifically rejected plaintiff's argument that predictive dialing allegations were sufficient to plausibly suggest use of an ATDS. *Id*. at *1 (differentiating "random or sequential number generation" as explained in *Facebook* from defendant's system that called a "preproduced list" of phone numbers).

The court in *Borden v. eFinancial, LLC*, No. C19-1430JR, 2021 WL 3602479, at *4–5 (W.D. Wash. Aug. 13, 2021) came to an identical conclusion. In that case, the plaintiff's Second Amended Complaint added allegations that the defendant's

system sequentially dialed numbers from a preset list. *Id*. at \*5. Despite this allegation, the court found that the defendant's use of its system "to send advertisement text messages to consumers" who voluntarily provided their information that was compiled into the system "does not implicate the problems caused by autodialing of random or sequential blocks of numbers that Congress sought to address when it passed the TCPA." *Id*. And although the plaintiff argued that footnote 7 of *Facebook* held that equipment qualified as an ATDS if it "use[d] a random number generator to determine the order in which to pick numbers from a preproduced list [and] then store those numbers to be dialed at another time," the court recognized that this argument relied on an erroneous reading of footnote 7 and the underlying briefing made clear that "the preproduced list of phone numbers referenced in footnote 7 was itself created through a random or sequential number ***generator***, thus differentiating it from the stored list of consumer-provided phone numbers used by [defendant]." *Id*. (emphasis added). Accordingly, the court dismissed plaintiff's ATDS claim with prejudice. *Id*. at \*6.

To be clear, although *Hufnus* and *Borden* both involved customer-provided numbers, it is the lack of random or sequential number generation—and allegations regarding the same—that prevented those systems from qualifying as ATDSs post-*Facebook*. For example, in *Watts v. Emergency Twenty Four, Inc*., No. 20-cv-1820, 2021 WL 2529613, at \*3–4 (N.D. Ill. June 21, 2021), the plaintiff alleged that the defendant used its dialing system to automatically call telephone numbers stored in its system to serve as an alert for a triggered alarm. The court determined that these predictive dialing allegations did not plausibly suggest random or sequential number generation. *Id*. ("These facts, however, do not support an inference that EMERgency24's system is an ATDS under the interpretation set forth in *Duguid*. Indeed, the alleged facts suggest that instead of randomly or sequentially generating Watts's number, EMERgency24's equipment stored Watts's number in a database and dialed that stored number because he was an employee at a business that used

1   EMERgency24's alarm notification system."). Although the defendant called

2   plaintiff's number using the predictive dialing system after the plaintiff no longer

3   worked for the business subscribing to the alarm service, the allegations nevertheless

4   failed to allege defendant "randomly generated his number to call." *Id*. at *3.

5   Accordingly, the court dismissed the plaintiff's ATDS claim. *Id*. at *5.

6          Here, Stewart's allegations regarding Network Capital's purported use of an

7   ATDS fall short of even those that were held insufficient in *Hufnus, Watts*, and

8   *Borden*. Stewart alleges that he heard a pause on the November 18, 2020 call, this

9   pause is indicative of use of a predictive dialer, and "upon information and belief"

10  Network Capital uses this predictive dialer to "dial telephone numbers stored as a list

11  or in a database without human intervention." SAC ¶¶ 19–22, 31 ECF No. 30. Even

12  taking these allegations as true on their face, Stewart fails to allege any use of random

13  or sequential number generation, dooming his ATDS claim. *See generally* SAC, ECF

14  No. 30; *see also Hufnus*, 2021 WL 2585488, at *1; *Borden*, 2021 WL 3602479, at

15  *4–5; *Watts*, 2021 WL 2529613, at *4. And Plaintiff's only direct allegation

16  regarding Network Capital's system (*i.e.*, that it is a predictive dialer) is not only

17  insufficient but also conclusory as it alleges the system's predictive dialing

18  functionality "upon information and belief." *Miller v. City of Los Angeles*, No. 13-

19  cv-5148, 2014 WL 12610195, at *5 (C.D. Cal. Aug. 7, 2014) (a plaintiff cannot avoid

20  dismissal for failure to state a claim "simply by slapping the 'information and belief'

21  label onto speculative or conclusory allegations.") (citing *Twombly*, 550 U.S. at 557);

22  *Gold River LLC v. La Jolla Band of Luiseno Mission Indians*, No. 11-cv-1750, 2011

23  WL 6152291, at *2 (C.D. Cal. Dec. 9, 2011) ("Conclusory allegations, especially

24  those made upon information and belief, 'do not suffice.'"). In sum, this Court's prior

25  order, *Facebook*, the Courts of Appeals' decisions with which the Supreme Court

26  sided in *Facebook*, and prevailing district court decisions all establish that Plaintiff's

27  predictive dialing allegations cannot state (and indeed foreclose) his ATDS claim.

28         Thus, Stewart has not stated any ATDS claim, and the Court should therefore

10

dismiss this claim with prejudice under Rule 12(b)(6).  *Destfino*, 630 F.3d at 959.

## V.  CONCLUSION

Despite three opportunities and the Court's explicit instruction as to the required factual allegations, Stewart has not—and cannot—plausibly support a reasonable inference that Network Capital used an ATDS to make the alleged calls.  He fails to do so because he knows he cannot allege random or sequential number generation in good faith.  Thus, he has failed to state any ATDS claim for the third time, and the Court should dismiss that claim under Rule 12(b)(6) with prejudice.

Dated:  August 23, 2021                    KABAT CHAPMAN & OZMER LLP

                                           /s/ Benjamin D. Williams
                                           Benjamin D. Williams

                                           *Attorney for Defendant Network Capital*
                                           *Funding Corporation*

## PROOF OF SERVICE

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

I am employed in Los Angeles, California; I am over the age of 18 and not a party to the within action; my business address is 333 S. Grand Avenue, Suite 2225, Los Angeles, CA 90071.

On August 23, 2021, I served the foregoing document(s) described as **DEFENDANT NETWORK CAPITAL FUNDING CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SAC; MEMORANDUM OF POINTS AND AUTHORITIES (inclusive of proposed order)** on the interested parties to this action by delivering a copy thereof in a sealed envelope addressed to each of said interested parties at the following address(es): SEE ATTACHED LIST

☒ **(BY EMAIL SERVICE)** I caused such document to be delivered electronically via e-mail to the e-mail address of the addressee(s) set forth in the attached service list.

☒ **(BY ELECTRONIC SERVICE)** by causing the foregoing document(s) to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed document(s) on the individual(s) listed on the attached mailing list.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury that the above is true and correct.

Executed on August 23, 2021, at Los Angeles, CA.

By: /s/ Paul A. Grammatico

_____

Paul A. Grammatico

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SERVICE LIST**

**Adrian Robert Bacon**
Law Offices of Todd M Friedman PC
21550 Oxnard Street Suite 780
Woodland Hills, CA 91367
323-306-4234
Fax: 866-633-0228
Email: abacon@toddflaw.com

**Meghan Elisabeth George**
Law Offices of Todd M Friedman PC
21550 Oxnard Street Suite 780
Woodland Hills, CA 91367
323-306-4234
Fax: 866-633-0228
Email: mgeorge@toddflaw.com

**Thomas Edward Wheeler**
Law Offices of Todd Friedman PC
21550 Oxnard Street Suite 780
Woodland Hills, CA 91367
323-306-4234
Fax: 866-633-0228
Email: twheeler@toddflaw.com

**Todd M Friedman**
Law Office of Todd M Friedman PC
21550 Oxnard Street Suite 780
Woodland Hills, CA 91367
323-306-4234
Fax: 866-633-0228
Email: tfriedman@toddflaw.com