UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 21-368-MWF (MAAx) | Date:  December 9, 2021 |
| Title:     Jermaine Stewart v. Network Capital Funding Corporation, et al. | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT [31]

　　Before the Court is Defendant Network Capital Funding Corporation's ("NCFC") Motion to Dismiss (the "Motion") Plaintiff Jermaine Stewart's Second Amended Complaint ("SAC"), filed on August 23, 2021. (Docket No. 31). Plaintiff filed an Opposition on September 3, 2021. (Docket No. 32). Defendant filed a Reply on September 13, 2021. (Docket No. 35).

　　After being granted permission per oral request, Defendant lodged supplemental authority on September 27, 2021. (Docket No. 38). Plaintiff filed a reply to the authority on September 29, 2021. (Docket No. 39). Defendant also filed a second supplemental authority on October 18, 2021. (Docket No. 40). Plaintiff opposed this second supplement on the grounds that it was not permitted. (Docket No. 41).

　　The Court has read and considered the papers filed in connection with the Motion and held a telephonic hearing on **September 27, 2021**, pursuant to General Order 21-08 arising from the COVID-19 pandemic.

　　For the reasons set forth below, the Motion is **DENIED**. By implication, Plaintiff has alleged sufficient facts to state plausible ATDS claims, if barely.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 21-368-MWF (MAAx)  Date: December 9, 2021
Title:   Jermaine Stewart v. Network Capital Funding Corporation, et al.

The Court incorporates by reference as if set forth fully herein the background and discussion sections in its prior orders, directing Plaintiff to file supplemental briefings to avoid a dismissal of his claims with prejudice. (Docket Nos. 25, 29).

I. **LEGAL STANDARD**

In ruling on the Motion under Rule 12(b)(6), the Court follows *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and their Ninth Circuit progeny.

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The Court must disregard allegations that are legal conclusions, even when disguised as facts. *See id*. at 681 ("It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."); *Eclectic Props. E., LLC v. Marcus & Millichap Co*., 751 F.3d 990, 996 (9th Cir. 2014). "Although 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof is improbable,' plaintiffs must include sufficient 'factual enhancement' to cross 'the line between possibility and plausibility.'" *Eclectic Props.*, 751 F.3d at 995 (quoting *Twombly*, 550 U.S. at 556-57) (internal citations omitted).

The Court must then determine whether, based on the allegations that remain and all reasonable inferences that may be drawn therefrom, the complaint alleges a plausible claim for relief. *See Iqbal*, 556 U.S. at 679; *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011). "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 21-368-MWF (MAAx)          Date: December 9, 2021
Title:     Jermaine Stewart v. Network Capital Funding Corporation, et al.

## II.    DISCUSSION

### A.    ATDS Claims

In the prior order granting NCFC's first motion to dismiss, (Docket No. 29 ("Prior Order")), the Court determined that Plaintiff had failed to allege sufficient facts from which to infer that NCFC used an automatic telephone dialing system ("ATDS") in making unauthorized telemarketing phone calls. (*See* Prior Order at 4). Namely, the Court agreed with NCFC's contention that the First Amended Complaint ("FAC") merely recited legal conclusions and did not plead facts showing that NCFC's dialing equipment employed or used a random or sequential number generator in placing the complained-of calls. (*Id.*). Accordingly, the Court granted NCFS's motion to dismiss the ATDC claims and granted Plaintiff leave to amend.

NCFC now moves to dismiss the SAC with prejudice under Rule 12(b)(6) for failure to allege the key elements of Plaintiff's claim (use of an ATDS). (*See* Motion at 10). Specifically, NCFC asserts that the Supreme Court has already rejected Plaintiff's argument that predictive dialing systems that dial from stored lists qualify as ATDS and Plaintiff has failed to allege sufficient facts to establish that NCFC may have used a random or sequential number generator in placing the complained-of calls to Plaintiff. (*See id.* at 11–12, 15) (citing *Facebook v. Duguid*, 141 S. Ct. 1163, 1170 (2021)).

Plaintiff responds that it would be improper to dismiss Plaintiff's SAC at the pleading stage because Plaintiff has not had the opportunity to engage in discovery yet in order to be better informed about NCFC's dialer and how NCFC contacts consumers (instead of relying only on the limited articulable facts he currently has based on his experiences and personal knowledge). (*See* Opposition at 18–19). Additionally, Plaintiff argues that NCFC overstates the extent to which *Facebook* narrowed the definition of what may constitute an ATDS and that the concerns that were present in *Facebook* are not present in this case because legislative history and Federal Communications Committee (FCC) rulings suggest that *Facebook* did not disturb the TCPA's application to predictive dialers. (*See* Opposition at 20–22). Thus,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| **Case No.** | CV 21-368-MWF (MAAx) | **Date:**  December 9, 2021 |
| **Title:** | Jermaine Stewart v. Network Capital Funding Corporation, et al. | |

"predictive dialers are autodialers" and they can qualify as an ATDS under the TCPA. (*Id.* at 22).

The Court does not agree that Plaintiff has failed to state any facts to plausibly allege that NCFC used an ATDS in his SAC, unlike the FAC.  (*See* Prior Order at 4). Here, Plaintiff does offer indicia of ATDS use by providing context on the nature of predictive dialer use, explaining how predictive dialers may qualify as an ATDS as defined under the TCPA, and alleging facts to inform why the Plaintiff plausibly concluded that NCFC used a predictive dialer to contact him.  (*See* SAC ¶¶ 5–12, 19–28, 30–31).  For reference, in seeking to establish that "the FCC has definitively held that predictive dialers qualify as an ATDS under the TCPA" and that they have "long been considered as such[,]" Plaintiff quotes the FCC's early rulings on the TCPA to define the term "predictive dialer", which is as follows:

> A predictive dialer is an automated dialing system that uses a complex set of algorithms to automatically dial consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a telemarkerter will be available to take the call…a consumer answers the phone only to hear "dead air" because no telemarketer is free to take the call…a predictive dialer is equipment that dials numbers and, when certain computer software is attached …[to certain] hardware…has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers.

SAC ¶¶ 8–9, 12 (citing 7 FCC Red. 8752, 8756 (F.C.C. September 17, 1992)).

Plaintiff then states that when NCFC contacted him and he answered NCFC's call, "he heard a pause after saying 'hello,' after which Defendant's representative began speaking" and that this "momentary delay prior to a live representative answering is a hallmark of predictive dialers."  (*Id.* at 19–21).  Plaintiff states that NCFC placed multiple calls to his cellular telephone and used the same "script" with thousands of unsolicited calls to cellular telephone subscribers nationwide.  (*Id.* at 27–28, 30).  Plaintiff further states that "the dialing system used by Defendant to place the calls also has the capacity to, and does, dial telephone numbers stored as a list or in a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 21-368-MWF (MAAx)**                     **Date:  December 9, 2021**
**Title:**     Jermaine Stewart v. Network Capital Funding Corporation, et al.

database without human intervention." (*Id.* at 31).  Plaintiff's factual allegations on the nature of predictive dialers and details about the circumstances surrounding his being contacted by NCFC, when viewed in the light most favorable to Plaintiff, suggest that the Court should not grant the Motion because Plaintiff's claim, at present, does not expressly conflict with the Supreme Court's *Facebook* ruling.

NCFC's argument that *Facebook* unequivocally rejected the notion that predictive dialers can qualify as ATDS is unconvincing, namely because the *Facebook* opinion neither mentions predictive dialers nor says anything to support such a blanket reading of the case (i.e., that predictive dialers are categorically unable to possess random or sequential generators), in contrast to the FCC's discussion and definition of ATDS.  (*See* Motion at 10–11; FAC ¶ 8–9, 12).  It is true that *Facebook* held that, in order to sustain a TCPA claim, Plaintiff must allege that NCFC's equipment employed or used a random or sequential number generator, but the SAC is not devoid of any basis to infer that the type of predictive dialer alleged to have been used is not also a random or sequential generator.

The case law cited by NCFC does not refute Plaintiff's claims.  For example, *Hufnus v. DoNotPay, Inc.* to establish that Plaintiff did not allege NCFC's list of phone numbers was created through a random or sequential generator is inapposite because in that case, the defendant's "system target[ed] phone numbers that were not obtained in a non-random way (specifically, ***from consumers who provided them***)." No. 20-cv-08701-VC, 2021 WL 2585488, at *1 (N.D. Cal. June 24, 2021); (*see also* Motion at 12) (emphasis added).  Here, Plaintiff has not alleged that he provided his number to Defendant.

Similarly, in *Barry v. Ally Fin., Inc.*, the plaintiff expressly conceded that her number "was likely called from a stored list" because "the calls Plaintiff complain[ed] about were directed to Plaintiff specifically and purposely, related to her brother's account with Defendant."  No. 20-12378, 2021 WL 2936636, at *3 (E.D. Mich. July 13, 2021).  Accordingly, the *Barry* plaintiff "[did] not dispute that Defendant's autodialer system did not use a random or sequential number generator in connection with its calls to her." (*Id.* at 4).  There are no facts in the SAC to suggest that Plaintiff

**CIVIL MINUTES—GENERAL**                                                                                  5

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 21-368-MWF (MAAx)**                    **Date:  December 9, 2021**
**Title:**     Jermaine Stewart v. Network Capital Funding Corporation, et al.

provided this information to NCFC (i.e., that it was not a byproduct of a random or sequential generator).

Defendant's supplemental case, *Brickman v. Facebook, Inc.*, is also distinguishable from the present case.  In *Brickman*, the plaintiff claimed that Facebook's delivery of birthday announcements via text message violated the TCPA. *See* 16-cv-751-WHO, 2021 WL 4198512, at *1 (N.D. Cal. Sept. 15, 2021).  As in *Hufnus*, though, the plaintiff conceded that the telephone numbers Facebook used "were provided by users like himself," a point also made by the Court.  *Id*. at *1–*2 (citing *Hufnus*, 2021 WL 2585488, at *1).  Brickman's claim failed because the numbers "were not randomly or sequentially generated;" they were "pulled from an existing list" and, as in other cases, "there was no dispute that plaintiff had provided defendant with his phone number."  *Id*. at *2 (citing *Tehrani v. Joie De Vivre Hosp., LLC*, 19-cv-8168-EMC, 2021 WL 3886043, at *3–*5 (N.D. Cal. Aug. 31, 2021)).  There is no indication here that Plaintiff provided Defendant with his phone number, supporting the inference that his phone number was randomly or sequentially generated.

Similarly, Defendant's second supplemental authority concerns ***targeted*** communications – the text messages at issue identified the plaintiff by first name, controverting an inference or indication that the messages were generated randomly. *See Gross v. GG Homes, Inc.*, 3:21-cv-271-DMS-BGS, 2021 WL 4804464, at *3 (S.D. Cal. Oct. 14, 2021).  Nothing in the SAC indicates that the calls received by Plaintiff identified him by name or were otherwise identifiably targeted so as to support a claim that they were not random.  *Cf*. *id*.  As discussed above, Plaintiff's allegations are also no longer conclusory, but support an inference that Defendant makes use of an ATDS. *Cf*. *id*.

Based on the caselaw cited in the Opposition and the applicable Rule 12(b)(6) standard, the Motion must be denied so that Plaintiff has the opportunity to discover more facts about the precise technology used by NCFC at the time of the alleged TCPA violations.  (Opposition at 18–19; *see*, *e.g.*, *Montanez v. Future Vision Brain Bank, LLC*, No. 20-CV-2959-CMA-MEH, 2021 WL 1697928 (D. Colo. Apr. 29, 2021)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 21-368-MWF (MAAx)          Date:  December 9, 2021
Title:    Jermaine Stewart v. Network Capital Funding Corporation, et al.

("While the Supreme Court's decision elucidates the definition of an ATDS, that holding will prove far more relevant on a future motion for summary judgment than it does now."); *see also Atkinson v. Pro Custom Solar LLC*, No. SA-21-CV-178-OLG, 2021 WL 2669558, at *1 (W.D. Tex. June 16, 2021) ("As a practical matter, no plaintiff will have personal knowledge of the defendant's telephone system at the pleadings stage. Only the defendant has that knowledge").

Plaintiff has alleged enough to reasonably infer that NCFC used a specific type of predictive dialer that utilizes a random or sequential number generator to contact him, thereby entitling Plaintiff to move beyond the pleading stage.  *See Ashcroft*, 556 U.S. at 678 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'…that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

At this stage of litigation, Plaintiff's allegations, taken as true, are sufficient to support a cognizable legal theory.

### III.  CONCLUSION

Plaintiff has alleged sufficient facts to state plausible ATDS claims in the SAC. Accordingly, the Motion is **DENIED**.  Defendants shall file their Answer by **January 7, 2022.**

IT IS SO ORDERED.